# NOTES OF CAUSES

Decided during the period comprised in this Volume, and not reported in full.

No. 2922.   HARRISON *v.* LYNES.   November Term, 1891. In January, 1877, W. H. Harrison sold and conveyed a tract of land to J. S. Lynes, taking his note and a mortgage of the premises for the purchase money, and soon thereafter died.   B. F. Lynes administered on Harrison's estate, and some time afterwards, under the sanction and order of the Probate Court, this note and mortgage were cancelled in consideration of a conveyance by J. S. Lynes of this same tract of land to the widow and infant son, the only distributees of intestate.   Immediately after the land was so conveyed, B. F. Lynes, as administrator, commenced proceedings in the Probate Court to sell this land in aid of the personal assets of said estate, to which proceedings J. R. Harrison, the infant son, was not made a party.   The land was sold under said proceedings and brought a nominal sum, notwithstanding the land was very valuable.

Within a short time after the said J. R. Harrison arrived at his majority he commenced an investigation of the management of his father's estate by the said administrator; and the same resulted in the commencement of two actions, one against the administrator of his deceased father's estate, and the other to recover his interest in the lands which had been conveyed to him and sold under order of the Probate Court.

The first suit resulted in a consent decree, of February 18, 1889, in which the plaintiff was awarded $75, he to pay all costs. The amount of note and mortgage did not enter into the accounting upon which this decree was based.   The decree was as follows : "It is ordered and decreed, that the defendant do pay to the attorney of the petitioner seventy-five dollars, and that the petitioner do pay the costs of proceeding, and upon payment of said sum of money, the defendant shall be, and hereby is, re-

leased from all liability and accountability as said administrator. The petitioner, J. R. Harrison, having given notice at the reference last held in this cause of the pendency of some action for the recovery of some land claimed by him, as the heir at law of said W. H. Harrison, and this defendant not being a party to the same, and having no interest in the said suit : It is adjudged and agreed, that this shall be without prejudice to the said petitioner in his said suit. It is further adjudged and agreed, that notes and choses in action, now held by the defendant as administrator, be vested in him in his own right."

The action instituted by J. R. Harrison for the recovery of the land from the purchaser resulted in a judgment at later date for the defendant in that action, as will be seen by reference to the case of *Harrison* v. *Lightsey*, 32 S. C., 293. After this J. R. Harrison commenced this action against B. F. Lynes, as such administrator, to recover the amount of the J. S. Lynes note and mortgage. Upon these facts the Circuit Judge (ALDRICH) gave judgment, dismissing the complaint; and plaintiff appealed.

*W. A. Holman*, for appellant. *I. L. Tobin*, contra.

The court say : There is no doubt that the plaintiff, before the probate judge. might, in strictness, have required an accounting as to the bond and mortgage, although the proceeds of the land had gone to pay debts. But he could not do that and recover his share of the land ; he could not claim the land and also its price. It seems that under advice the plaintiff preferred to go upon the land, and no doubt in that view he forbore to claim from the administrator the proceeds of the bond and mortgage ; and, in order that it might not affect his suit for the land then pending, he took a small recovery, and formally consented that in the same order the administrator might be discharged from all further accountability as administrator. Doubtless that was in the view that he would recover the land, but it turned out that in this expectation he was mistaken. He made his election, and cannot now disregard or withdraw what he then did.

We cannot say that the discharge, granted without regular proceedings and notice for that purpose, was entirely regular. Nor are we quite satisfied that the consent decree, leaving out all account of the bond and mortgage, was technically an adjudication of that matter ; for, although it might have been then and

there adjudicated, in truth and in fact, "the very point" was not decided. *Hart* v. *Bates*, 17 S. C., 35. But while there was no formal discharge, nor an actual adjudication of "the precise point" involved, we cannot resist the conclusion that what occurred in the probate office, and the written consent of the plaintiff to the discharge of the administrator, should estop him from renewing the effort in another court to make the administrator responsible. "One who has made a choice between two inconsistent or alternative rights or benefits is estopped to assert or claim the other." 7 Amer. & Eng. Enc. Law, p. 32, and notes. "A party cannot assume inconsistent positions in legal proceedings. Generally a party accepting the benefit of a judgment is estopped to deny its validity." *Id.*, p. 22. Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, March 31, 1892.