## 10392

### CLINE v. SOUTHERN RAILWAY COMPANY *ET AL.*
(102 S. E. 641.)

1. ABATEMENT AND REVIVAL—QUESTION OF SURVIVAL ARISES ON MOTION OF ADMINISTRATRIX FOR SUBSTITUTION ON APPEAL.—The question whether a cause of action survived plaintiff's death, pending an appeal by him from a judgment for defendants, properly arises, and may be determined on the motion of his administratrix for an order of substitution resisted by defendants, who ask leave to file a supplemental answer alleging plaintiff's death, or a remand to permit filing of such answer.

2. ABATEMENT AND REVIVAL—ACTION FOR FRAUD IN PROCURING RELEASE OF CLAIM DOES NOT SURVIVE.—A cause of action by an injured employee for damages for fraud and deceit by which he was induced to release his claim for injuries, and accept a contract for permanent employment, which was later broken by the employer, was a cause of action for tort, and did not survive his death pending an appeal by him from a judgment for defendants.

3. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT VOID IF RELEASE FOR WHICH IT WAS PRINCIPAL CONSIDERATION WAS VOID FOR FRAUD.—Where a contract for permanent employment was the chief consideration for a release of the employee's claim for injuries, the validity of the contract depended on the validity of the release, and, if the release was void for fraud, the contract fell with it.

4. ELECTION OF REMEDIES—EMPLOYEE SUING FOR INJURIES BARRED FROM SUING FOR BREACH OF CONTRACT OF EMPLOYMENT CONSTITUTING CONSIDERATION FOR RELEASE.—Where an injured employee was induced by fraud to release his claim for personal injuries and accept a contract for permanent employment, which the employer later failed to perform, he could either sue for breach of the contract of employment or treat the release and contract as void, and sue for the injury, and was bound to elect, and, having elected to sue for the injuries, was estopped by an adverse judgment in such action from suing for breach of the contract.

Before MOORE, J., York, Summer term, 1918.    Affirmed.

Action by D. J. Cline against the Southern Railway Company and another.    From a judgment for defendants, plaintiff appeals.

See, also, 110 S. C. 534, 96 S. E. 532.

*Mr. J. Harry Foster,* for appellant, submits: *The evidence presents a jury issue:* 96 S. E. Rep. 532; 89 S. C. 286; 106 S. C. 200; 96 S. E. 432; 78 S. C. 323.   *Was there any consideration for the settlement:* 109 S. C. 29; 5 L. R. A. (N. S.) 1194 (Va.); Minor's Institutes, vol. III, 139; (N. C.) 97 S. E. Rep. 655; 44 S. C. 378; 71 S. C. 577; 115 Am. St. Rep. 880.   *Consideration of contract:* 8 L. Ed. 60; Parsons on Contracts 479; 6 Enc. of L., 2d Ed. 711, 713, 714; 14 Am. St. Rep. 264; L. R. A. 1915b, 11; 71 Am. St. Rep. 898; 35 L. Ed. 860.   *Measure of damages:* 108 S. C. 219; 105 S. C. 323; Pomeroy Eq., sec. 898; Smith on Frauds, sec. 288; 7 Cyc. 87; 46 Am. St. Rep. 550; 70 Am. St. Rep. 840; Cooley on Torts 963; 70 S. C. 108; 77 S. C. 192; 12 Enc. of L., 2d Ed. 26; Smith on Frauds, sec. 290; 108 S. C. 219; 13 Cyc. 13; 85 S. C. 291; 77 S. C. 546.   *Res judicata:* 101 S. C. 493; 93 S. C. 366; 71 S. C. 102; 90 S. C. 229.   *Nonsuit not res judicata:* 102 S. C. 509; 91 S. C. 523; 24 S. C. 479; 23 Cyc. 1138-38; 89 S. C. 408; 18 S. C. 602.   *Election of remedies:* 38 S. C. 200; 56 S. C. 508; 107 S. C. 465; 98 S. C. 402; 79 S. C. 208; 94 S. C. 314; 86 S. C. 584; 52 S. C. 244; 82 Am. St. Rep. 295; 34 L. R. A. (N. S.) 311; 106 S. C. 244; 79 S. C. 208; 73 S. C. 188; 47 Am. St. Rep. 679; 108 S. C. 83; 144 Mass. 452; 156 Mass. 193; 9 R. C. L. 962, 963, 956, 957, 958 and 959; 22 L. R. A. (N. S.) 1153; 30 L. R. A. (N. S.) 890; 8 L. R. A. (N. S.) 144.

*Messrs. McDonald & McDonald,* for respondents, submit: *This action did not survive the death of the plaintiff, Cline, and cannot be revived and continued in favor of his administratrix:* Code of Procedure, sec. 170; Civil Code of 1912, vol. I, sec. 3963; 1 R. C. L., p. 20; 12 Rich. L. 284; 20 S. C. 477; 261 Ill. 513; 104 N. E. 219; 40 S. C. 393; 106 Wis. 546; (W. Va.) 81 S. E. 544; 52 L. R. A. 1215; 52 L. R. A., p. 1221; 1 Bay. 58; 1 Am. Dec. 596; 11 Ky. 187; 5 Ala. 369; 11 Grat. 202; (Va.) 80 S. E. R. 756; 2 S. C. 68.   *There was no question of fact that his Honor should*

*have submitted to the jury:* 101 S. C. 493; 84 S. C. 296; 65 S. C. 410; 84 S. C. 386; 100 S. C. 375. *The judgment of the Supreme Court on the appeal of plaintiff in his action for personal injuries is res judicata on the question of non-liability of defendants for damages to the plaintiff on account of said personal injuries:* 71 S. C. 95; 90 S. C. 229; 108 S. C. 258; 102 S. C. 504. *Plaintiff was barred by his election of an inconsistent remedy:* (Ga.) 66 S. E. R. 29; (Ga.) 58 S. E. R. 690; 83 S. E. R. 298; 93 S. E. R. 27; (Ga.) 94 S. E. R. 829; (S. C.) 92 S. E. R. 1046; 1 Am. St. R. 627, and note; 10 Am. St. R. 487, and note, 35 Am. St. Rep. 17, and note; 42 Am. St. Rep. 317, and note; 59 Am. St. Rep. 594; 114 Am. St. R. 452, and note; (N. Y.) L. R. A. 1916e, 613; Am. Ann. Cases. 1014d, 1197; Am. Ann. Cases 1914b, 1226; 1913e, 122; 9 R. C. L. 956; Pomeroy Code Remedies, p. 655; 106 S. C. 237; 18 Am. St. R. 803; (Va.) 70 Am. St. R. 837. *Plaintiff failed to prove any cause of action for fraud and deceit:* (Va.) 79 S. E. R. 1025; 93 S. C. 185; 96 S. C. 240; note 18 L. R. A. (N. S.) 379; 12 R. C. L. 323, 334, 409-411; 12 R. C. L. 239, 388; 3 Brev. 31; 5 Am. Dec. 531; 107 S. C. 200. *Plaintiff failed to introduce any evidence whatever tending to show that Dr. Shands was authorized to make any representations to the plaintiff that would be binding upon the defendants:* 92 S. W. 454; 5 L. R. A. (N. S.) 669. *This case distinguished from 106 S. C. 200. Taking the testimony as a whole, we submit that there was no evidence sufficient for a reasonable jury to base a verdict in favor of the plaintiff:* 93 S. C. 295; 99 S. C. 417; (S. C.) 93 S. E. 137.

*Mr. J. Harry Foster,* for appellant, submits (supplemental argument): *The action has not abated by reason of the death of D. J. Cline:* 110 S. C. 554, 556; 111 S. C. 82; 2 Brev. 27; 4 S. C. L. 27; 40 S. C. 397; 20 S. C. 480; 1 Cyc. 51; 1 C. J. 194; 12 L. Ed. 323; 1 R. C. L., sec. 24; 48 Am. St. Rep. 224; 33 L. R. A. 418; 73 St. Rep. 224; 73 Am. St.

Rep. 261; 70 S. C. 108; 1 Cyc. 49; 20 S. C. 477; 1 C. J. 186; 1 Bay. 58; 1 S. C. L. 58; 1 C. J. 185; 2 N. and McCord 388; 70 S. C. 108; 77 S. C. 192; 12 Cyc. of L., 2d Ed. 26; 111 S. C. 82. *Second cause of action is admittedly on contract, and survives. There was evidence to support this cause of action. As to the measure of damages for breach of contract:* 87 S. C. 171. *Damages may be recovered for a fraudulent breach of contract:* 70 S. C. 108; 77 S. C. 192; 12 Enc. of L., 2d Ed. 26.

March 30, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On September 30, 1913, Cline was seriously and permanently injured while in the service of defendant as a bridge foreman. He was repairing a coal chute, and one of the bents, which he was trying to get into its place, fell on him and crushed or fractured, and possibly dislocated, some of the vertebræ of his spine. For several months he was under treatment of defendant's surgeons. On the last of December the surgeon who last treated him told him that he had no permanent disability; that he would be well in four or five months, and there was no reason why he should not return to his work.

Accordingly he reported to his superior for duty. In compliance with a rule of the company, he was required to release the company from all liability for damages on account of his injury, as a condition of being accepted back into the service; and on January 5, 1914, on payment to him of $175 he executed such a release and was given his former position. He remained in the service until the last of April, 1914, when he was displaced by another employee, who claimed his position under a rule of seniority. He was offered a subforeman's place, but declined it.

In May, 1914, ignoring the release, he sued the company for damages for his injury. Besides other defenses, the

company pleaded the release in bar of the action. Cline replied to that plea, and alleged that the release was obtained by fraud, to wit, that the company's surgeon misrepresented to him the nature and extent of his injury, and also that the other agents of the company, who induced him to execute the release, did so by falsely and fraudulently promising to give him permanent employment as a bridge foreman so long as his work was satisfactory; that they made said contract, not intending at the time to perform it, but merely for the deceitful purpose of inducing him to execute the release, and thereby of defrauding him of his right of action; that they also falsely, and for like fraudulent purpose, represented to him that his rank in seniority amongst his fellow employees was such as would entitle him to his position as bridge foreman under the rules of the company; that the contract for permanent employment was the chief consideration which induced him to execute the release. The contract for employment, however, was not mentioned in the release, and the only consideration therein expressed was the payment to Cline of the sum of $175.

That case was tried and resulted in a judgment of nonsuit, which was affirmed by this Court, on the ground that Cline's own testimony affirmatively showed that his injury was caused by his own fault, and, therefore, the company was not liable. 101 S. C. 493, 86 S. E. 17.

Cline then brought this action, setting out in his complaint two causes of action—the first for damages for fraudulent breach of the alleged contract of permanent employment; and the second for damages for the fraud and deceit by which he was induced to make the contract and execute the release. Defendant's demurrer to his complaint and to each of the causes of action therein stated was overruled by this Court. 110 S. C. 534, 96 S. E. 532. Defendant then answered, and denied the charges of fraud and the making of the alleged contract for permanent employment, and again pleaded the release in bar of the action, and Cline again

replied to that plea, as he did in the first action. Defendant also pleaded the first action as an adjudication of its non-liability for Cline's personal injury, and as an election by Cline, after full knowledge of all the facts, to repudiate the release and alleged contract for permanent employment, and rely upon his right of action for his personal injury.

After all the evidence had been taken, including the record and judgment in the first action, defendant moved the Court to require Cline to elect upon which cause of action he would ask for judgment, and he elected the second cause of action. Defendant then moved for a directed verdict on that cause of action, and the motion was granted, on the ground that, as it appeared from the testimony in this case and also from the judgment in the first case that Cline had no cause of action against defendant for his personal injury, the fraud and deceit, if any, in procuring the release of defendant from liability therefor, caused him no damage. Judgment went accordingly, and Cline appealed.

Pending the appeal Cline died intestate, and his widow was appointed administratrix of his estate. On the call of the case in this Court, his administratrix moved for an order of substitution and that she be allowed to prosecute the action. Defendant resisted the motion on the ground that the cause of action did not survive; and defendant also moved for an order remanding the case to the Circuit Court for the purpose of allowing it to apply to that Court for leave to file a supplemental answer, alleging Cline's death and the nonsurvival of the cause of action, or else that this Court allow the filing of such an answer. The issue properly arises and may be determined on the motion of the administratrix for an order of substitution; defendant's affidavit and proposed supplemental answer being considered as reasons for the refusal of her motion.

The motion should be refused on the ground that the cause of action does not survive. It belongs to that class of

actions for damages for tort which under the rules of the common law does not survive. *Huff v. Watkins,* 20 S. C. 477; *Jenkins v. Bennett,* 40 S. C. 393, 18 S. E. 929. The fact that there are allegations in the second cause of action about the release and the contract for permanent employment and the breach thereof does not give that cause of action even the semblance of one on contract. The thing complained of and for which damages were sought was the practicing of fraud and deceit upon plaintiff, whereby he was induced to make the contract and execute the release of a supposed right. Plaintiff was not suing to set aside the release so that he might pursue the right released, nor was he complaining of any breach of contract —that was the gravamen of the first cause of action—but his complaint in the second cause of action was solely about the wrong done him, and for that alone he sought damages. Such an action falls within the principle of the cases above cited, and does not come within the exception there stated, to wit, that the action does not abate when the wrong complained of has resulted in some gain or advantage to the estate of the wrongdoer.

As the exceptions challenge the ruling of the Court as to the fact and effect of Cline's election at the trial in this case to ask for judgment only on the second cause of action, it becomes necessary to decide the issues so made; for, although the second cause of action died with Cline, the first did not, as that was an action for damages for the breach of the alleged contract for permanent employment.

According to Cline's testimony, the contract for employment was the chief consideration for the release. Therefore the validity of that contract depended upon the validity of the release. If the release was void for fraud, the contract fell with it. Now, when the company breached the alleged contract for employment, Cline had one of two remedies; he had the right to sue for damages for the breach of the contract for employment, or to

treat the release and contract as void, and sue for damages for his injury. But, clearly, he did not have the right to pursue both remedies, for they are inconsistent, since the first affirms the validity of the release and contract, and the second asserts their invalidity.

The law is well settled that in such circumstances a party must elect which remedy he will pursue; and it is equally well settled that, once he has made his election with full knowledge of the facts, he is bound by it, no matter what the result may be and he cannot afterwards have recourse to the other remedy, if the one chosen proves to be fruitless. Now, with full knowledge of the facts, as appears from the pleadings in the first action, Cline elected to treat the contract and release as void, and rely on his right of action for damages for his personal injury. By that action he impliedly and expressly repudiated the release and contract. Having thereby asserted their invalidity, he could not afterwards be allowed to maintain an action for damages for the breach of the contract, which is necessarily based upon its validity. *Harrison v. Lynes,* 36 S. C. 596, 15 S. E. 335.

The case of *Hughes v. Railway,* 92 S. C. 1, 75 S. E. 214, is directly in point, and really conclusive of the question. In that case, plaintiff first sued for damages for the breach of a contract of employment alleged to have been made at the time of his execution of a release of defendant from liability for damages for a personal injury very much like the contract in this case is alleged to have been made. After judgment of nonsuit on that cause of action, he brought a second action for damages for his injury, and the defendant pleaded the first action in bar of the second, and the plea was sustained, on the ground that the bringing of the first action based on the validity of the release was an election, and, therefore, a bar to the second, which was based on its invalidity.

Having voluntarily made his election, after full knowledge of the facts, by bringing his action for damages for his personal injury, Cline was estopped by the judgment in that action from suing for damages for breach of the contract which he had repudiated as invalid in his first action. Hence it makes no difference whether he should have been or was required to elect between the first and second causes of action set out in the complaint in this action, as he had already made an election which barred his first cause of action.

The first cause of action having been barred, and the second having abated by the death of Cline, it follows that the motion of his administratrix should be refused, and the appeal herein should be dismissed, and it is so ordered, and the judgment below is affirmed.