## 10426

### DRENNEN *ET AL.* v. BROWN *ET AL.*

#### (104 S. E. 889.)

ACTION—DISMISSAL TERMINATED CASE AND LEFT NO OTHER QUESTION TO
BE TRIED.—In an action charging fraud by name to recover land
alleged to be in defendant's possession, where the Circuit Court
heard the cause by consent, and found all the facts and the law for
defendant, dismissing the complaint, the case was at an end, and
there is no other question to be tried, as whether plaintiffs have the
right to trial by jury on the question of title.

Before MOORE, J., Richland, October term, 1919. Affirmed.

Action by Sarah F. Drennen *et al.* against Chas. O. Brown *et al.* From order directing the payment of a fund held in Court pending final adjudication of the case, and refusing a trial by jury, the plaintiffs appeal.

For former appeal in this case, see 112 S. C. 340.

*Messrs. Barnard B. Evans* and *H. F. Jennings,* for appellants, cite: *Action for recovery of real estate and jury trial proper:* Sec. 312, Code Proc. 1912; 78 S. C. 191. *Trial of causes with legal and equitable issues:* 52 S. C. 461; 76 S. C. 167; 70 S. C. 284; 12 S. C. 97; 17 S. C. 411; 24 S. C. 39; 42 S. C. 92. *Error to dismiss for wrong joinder of actions and docketing on wrong calendar:* 34 S. C. 270; 23 S. C. 392. *Transfer from one calendar to another:* 44 S. C. 119. *Review of facts in equity cause:* 55 S. C. 189. *Court may order submission of issues to jury:* 61 S. C. 566. *Trial by jury:* Const. 1895, art. I, sec. 25; Const. U. S., art VIIa, Code Proc. 1912, sec. 312. *In action at law decision of Circuit Judge not final:* 21 S. C. 245. *Introduction of incompetent evidence would not warrant taking case from jury:* 93 S. C. 361. *Right of trial by jury cannot be waived by conduct:* 25 S. C. 72. *Only waived where all issues are referred:* 58 S. C. 457. *Equitable issues triable first:* 76 S. C. 313; 70 S. C. 216.

*Messrs. Benet, Shand & McGowan,* for respondent. No citations.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case on appeal shows:

"The summons and complaint in this action was served on the respondent in May, 1916. The complaint was for

the possession of certain real estate and the cancellation of any deed whereby the defendants held color of title to said property. The action was docketed on calendar 2 in the Court of Common Pleas for the above county and State on May 31, 1916, in the following words: 'Mr. Clerk will please enter on calendar 2, question of law. Barnard B. Evans, plaintiff's attorney, May 31, 1916.' Case was docketed on calendar 1 in the same Court without notice to defendant-respondent's attorneys, being the last case docketed for the Summer term of 1919. Judge Mendel L. Smith, by consent of the parties, referred the equitable issues to the master to take the testimony thereon and report to the Court; the defendant, C. O. Brown, reserving the right to submit the legal issues to a jury, which right said defendant subsequently abandoned before the master. Testimony was taken on all issues raised by the pleadings."

"Judge W. H. Townsend heard this testimony in 1918 and rendered his decree, dated June 28, 1918, sustaining title and possession of C. O. Brown to the tract in controvery, holding that, if plaintiffs had ever had title, they lost it by laches and neglect and dismissing the complaint. From this decree plaintiffs appealed to this Court on July 14, 1919, and this Court rendered an opinion affirming the decree of Judge Townsend and dismissing the appeal."

"During the pendency of the suit, C. O. Brown entered into a lease of the turpentine privilege to G. F. Geiger. On motion, an injunction *pendente lite* was granted by Judge DeVore, and on agreement between the parties, which agreement is set out fully hereinafter, the proceeds from such lease were ordered filed with J. F. Walker, clerk of Court of Common Pleas for Richland county, to be held by him pending the termination of this action."

"On October 6, 1919, Judge Ernest Moore, presiding in the Court of Common Pleas for Richland county, heard a motion on behalf of the respondent, Mary M. Brown, as executrix, for an order to require the clerk of Court to pay

over to said respondent the moneys in his hands under said agreement. This motion was resisted by plaintiffs on the ground that the case was not yet terminated, as it was still docketed on calendar 1 for trial. Judge Moore held that, as Judge Townsend had heard the case on the testimony on all of the issues, and had by this decree dismissed the complaint, and such decree had been affirmed on appeal to the Supreme Court, that the case was ended so far as he was concerned. Although plaintiffs insisted on the right of trial by jury of the issues of fact in the case, this right was denied, and the money ordered paid to the defendant, Mary M. Brown, as executrix. From this order this appeal is taken."

There are five exceptions, but in different words. They raise only one question, to wit: Did the appellants have the right to a trial by jury on the question of title to the land in dispute? The answer is: They did not. On the former appeal (112 S. C. 340, 100 S. E. 75) this Court held:

"The Circuit Court has heard the cause by consent and found all the facts, and the law, of course, for the defendant. This is an end of the case."

Judge Townsend dismissed the complaint. The judgment was affirmed, and, as a matter of law, there could be no other question to be tried. By the judgment of this Court it is declared: "This is an end of the case."

The judgment is affirmed.

Mr. Justice Hydrick did not sit.