January 22, 1930. The opinion of the Court was delivered by
On the 9th of November, 1928, the plaintiff, J.R. McEachern, commenced an action in the Court of Common Pleas for Sumter County, against John Wilson, Mary Wilson, and G.A. Lemmon, as trustees of the estate of Mrs. Elizabeth Wilson, deceased, based upon an alleged tort committed by the said Mrs. Elizabeth Wilson, deceased, during her lifetime, through her alleged agent, I.C. Strauss, her attorney; it being alleged, in plaintiff's original complaint, that the plaintiff by misrepresentation and fraud had been cheated out of the sum of $2,036.57 by inducing the plaintiff by means of such misrepresentation and fraud to accept a compromise settlement of a certain promissory note, and asked damages in the sum of $10,000. The defendant demurred to the complaint upon the following grounds:
"I. The complaint does not state facts sufficient to constitute a cause of action, in that the defendants are sued as trustees of the estate of Elizabeth Wilson; but no facts are alleged to show that the defendants as trustees are liable for any tort committed by Mrs. Elizabeth Wilson, and there are no facts alleged to show any liability on the part of the defendants as trustees.
"II. The complaint does not state facts sufficient to constitute a cause of action in that the said cause of action set forth in the complaint is one sounding in damages for an alleged tort on the part of Mrs. Elizabeth Wilson now deceased; whereas a cause of action of this nature does not survive the death of the alleged tort feasor." *Page 214 
Pursuant to notice the demurrer was heard by his Honor, Judge S.W.G. Shipp, who, after hearing argument of counsel and after due consideration, sustained the demurrer, and thereafter issued the following order thereon, dated December 4, 1928, and filed with the Clerk of Court December 6, 1928:
"This matter comes up by way of demurrer duly noted and argued before me at my chambers, at Bishopville, S.C. on Tuesday, November 27th, 1928.
"Both grounds of demurrer were based upon the allegation that the facts stated in the complaint were not sufficient to constitute a cause of action. First, in that the defendants are sued as trustees of the estate of Elizabeth Wilson without there being alleged any facts to show any trust created in the defendants or to show that the defendants as trustees would be liable for any tort committed by Mrs. Elizabeth Wilson, deceased, nor were there any facts alleged to show any liability on the part of the defendants as trustees; and second, said cause of action being one sounding in damages for an alleged tort on the part of Mrs. Elizabeth Wilson now deceased, such cause of action does not survive the death of the alleged tort feasor.
"I. The first ground of the demurrer is sustained. There are certainly no facts alleged in the complaint which would show that the defendants as trustees are liable for any obligations of the estate of Mrs. Elizabeth Wilson, deceased. The legal representatives of an estate are either the executors or the administrators, as the case might be, and there would have to be allegations of facts showing legal liability on the part of the trustees before an action could be maintained against them.
"II. The second ground of the demurrer is also sustained. The cause of action set forth in the complaint is plainly one sounding in damages for an alleged tort on the part of Mrs. Elizabeth Wilson, now deceased. A cause of action of this nature does not survive the death of the alleged tort feasor. *Page 215 Adams v. Haselden, 112 S.C. 32, 99 S.E., 762; Cline v.Southern R. Co., 113 S.C. 440, 102 S.E., 641.
"The exception to the general rule does not obtain in this case because the action is not one for the recovery of property which has enriched an estate by the tort of the deceased, nor is it an action to recover the value of such. Sustaining the second ground of demurrer amounts to a dismissal of the complaint and it is so ordered."
December 6, 1928, the plaintiff served an amended summons and complaint, which included the original defendants and also Mary Wilson, individually. In the original summons and complaint Mary Wilson was made a defendant as trustee but not individually. December 7th the plaintiff served notice of a motion to be made before Judge Shipp on the 11th of December, 1928, "for an order vacating the order issued herein December 4, 1928, on the ground that the same was obtained through surprise and taken by mistake." The motion was based upon an attached affidavit of Mr. Jennings, of counsel for the plaintiff, and upon the pleadings and proceedings in the case. Upon hearing the motion December 11, 1928, his Honor, Judge Shipp, issued the following order, refusing to vacate his former order:
"A demurrer was interposed by the defendants in the above case, and an order was made by me on December 4th, sustaining the same and dismissing the complaint. This order was filed on December 6th, with the Clerk of Court for Sumter County.
"The plaintiff has now made a motion to have this order set aside on the ground of surprise and mistake.
"After hearing argument for and against the motion, I am of the opinion that the said order was proper, and the same is hereby affirmed. If the plaintiff has a new cause of action against the defendants, there is nothing to prevent him from bringing a suit setting up such new cause, but the original cause sounding in tort has been dismissed on the ground stated *Page 216 
in my original order, and this must stand unless reversed by proper authority."
December 12, 1928, the plaintiff served upon defendants' counsel a notice, as follows:
"You are notified that unless you answer or otherwise plead to the amended complaint heretofore served in this case within twenty days after service thereof, the plaintiff will proceed to take judgment in said cause by default."
The defendants thereupon served the plaintiff's attorneys with notice of a motion to be made before his Honor, C.J. Ramage, presiding judge, for an order dismissing the amended summons and complaint. Upon hearing the motion his Honor, Judge Ramage, refused the same, and passed the following order, dated June 3, 1929:
"This matter came on to be heard before me upon a motion of the defendants to dismiss the amended summons and complaint in the above stated case, upon three grounds, which were stated in the notice.
"After hearing argument for and against said motion, and after carefully considering the same, I hold that the motion should not be granted. I am refusing this motion without prejudice to the rights of defendants to move to make more definite and certain, to demur or to answer; they may be either, any two or all three, as they may be advised; I am simply refusing to dismiss the complaint in my discretion on the grounds made but defendants may treat this as a complaint that they may attack by motion, to make more definite and certain, by demurrer, or by answer, and the adoption of any remedy shall not preclude the other.
"In other words, defendants or any of them, may treat this complaint just as they might any other complaint that had just been served."
From this order the defendants have appealed to this Court, upon exceptions which as stated by counsel, raise the following questions: *Page 217 
(1) Was it the duty of his Honor, Judge Ramage, to dismiss the amended complaint, which was served after his Honor, Judge Shipp, had sustained a demurrer and dismissed the original complaint?
(2) Should his Honor, Judge Ramage, have dismissed the amended complaint on the ground that the same attempted to set forth the same cause of action which had already been dismissed by demurrer by his Honor, Judge Shipp?
(3) Should his Honor, Judge Ramage, have dismissed the summons and complaint as to the new defendant, Mary Wilson, who had been brought in as a new party without the permission of the Court?
The questions will be considered jointly.
The respondent takes the position that he proceeded under the provisions of Section 435 of Volume 1, of the Code, and that under that section no order of the Court dismissing the complaint that was passed within 20 days after the service of the original summons and complaint could deprive the plaintiff of his statutory right to amend his complaint, as a matterof course, any time within 20 days from the date of the service of the original summons and complaint. The section of the Code to which reference is made is as follows:
"Any pleading may be once amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time within twenty days after it is served, or at any time before the period for answering it expires; or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading, unless it be made to appear to the Court that it was done for the purpose of delay, and the plaintiff or defendant will thereby lose the benefit of a circuit or term for which the cause is or may be docketed; and if it appear to the Court that such amendment was made for such purpose, the same may be stricken out, and such terms imposed as to the Court may seem just. In such case a copy of the amended pleading must be served on the adverse party. After the decision of a demurrer, *Page 218 
the Court shall, unless it appear that the demurrer was interposed in bad faith, or for purposes of delay, allow the party to plead over upon such terms as may be just. If the demurrer be allowed for the cause mentioned in the fifth subdivision of Section 401, the Court may, in its discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned."
We do not understand that this section of the Code was intended to deny to judges the power to hear and pass upon a demurrer until after the 20-day period has expired, where the parties appear before the judge for the purpose of having the demurrer heard. The demurrer came up for a hearing before Judge Shipp pursuant to notice served by counsel for the defendants, and counsel for plaintiff, pursuant to said notice, appeared at the hearing. So far as the record discloses, the hearing on the demurrer was regular in every sense. So far as the record discloses, no request was made by the plaintiff for a postponement of the hearing in order that the plaintiff might have time to exercise his rights under this section of the Code, and it was not until after his Honor, Judge Shipp, made his ruling sustaining the demurrer, that any question was raised as to plaintiff's rights to amend his complaint in accordance with the provision in the section of the Code referred to. In our opinion, when Judge Shipp made his ruling and issued his order on the demurrer adverse to the plaintiff's contention, the plaintiff's remedy was an appeal from the order so issued, and, having failed to appeal, the matter is res adjudicata, and the plaintiff now has only such rights as to the matters involved as the said order allows. In the second order of Judge Shipp, refusing to vacate the first order, which we think was a proper order under the facts of the case, his Honor called attention to the fact that, if the plaintiff has a new cause of action against the defendants, there is nothing to prevent him from bringing a suit setting up such new cause. We may state that, while we do *Page 219 
not consider it necessary to discuss the merits of the order of Judge Shipp sustaining the demurrer, in our opinion the order was proper. Heape v. Berkeley County, 80 S.C. 32,61 S.E., 203; Owens v. A.C.L. Corp., 108 S.C. 258,94 S.E., 15. In any event, if the plaintiff was not satisfied with the order, his remedy was by appeal, and, having not appealed, the order is now the law of this case. There is no provision in the order permitting the plaintiff to serve an amended complaint, and therefore plaintiff's amended complaint was not allowable. Brewton v. Shirley, 93 S.C. 365,76 S.E., 988; Drennen v. Brown, 114 S.C. 491,103 S.E., 889.
In the order refusing to dismiss the said amended complaint his Honor, Judge Ramage, seems to have regarded the amended complaint as a new action, and stated that the defendants might treat "this complaint just as they might any other complaint that had just been served."
The paper in question is titled an amended complaint, counsel in their agreed statement state that it is amended complaint, and we think it was so intended by the plaintiff. It attempted to set forth the same cause of action which had been dismissed by Judge Shipp in sustaining the demurrer. Allowing the defendants to treat it as any other complaint just served, as provided in the order of Judge Ramage, was simply permission to the defendants to do that which under the law they had a right to do, but nothing more. As we view the case, the defendants' motion to dismiss should have been granted. The naming of Mary Wilson, individually, as a defendant, as well as trustee, did not place the plaintiff in any stronger position.
The order of Judge Shipp, which is the law of the case, did not grant this, and the motion to dismiss, in our opinion, should have been granted.
The defendants' exceptions are sustained, and it is the judgment of this Court that the order of his Honor, Judge Ramage, *Page 220 
be reversed and plaintiff's amended summons and complaint dismissed.
MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.