## HALSEY v. MINNESOTA–SOUTH CAROLINA LAND & TIMBER CO.

District Court, E. D. South Carolina.

Jan. 7, 1932.

H. L. Erckmann and Mitchell & Horlbeck, all of Charleston, S. C., for plaintiff.

Legare Walker, of Summerville, S. C., and Lide & McCandlish, of Marion, S. C., for defendant.

ERNEST F. COCHRAN, District Judge.

The plaintiff brought this action in the court of common pleas for Charleston county on January 14, 1929, against the Minnesota-South Carolina Land & Timber Company (hereinafter styled the Minnesota Company) and its agent, one R. L. Montague. The plaintiff and Montague are citizens of South Carolina, and the Minnesota Company is a citizen of Minnesota. The action is ex delicto for fraud and deceit, based on alleged false representations made by the Minnesota Company and Montague, its agent, in the sale of certain timber. The amount in dispute exceeds $3,000. There is no claim of a fraudulent joinder, and it is conceded that, at the time the action was instituted in the state court, it was not removable to this court. Both defendants answered, and the case was tried in the court of common pleas at the February term, 1930, before a jury, and a verdict was directed in favor of both defendants. An appeal to the Supreme Court of the state was duly taken, and, after the argument thereon, but before the decision of the Supreme Court was rendered, the defendant Montague, on the 20th of December, 1930, died. On October 6, 1931, the Supreme Court filed its decision, reversing the decision of the court of common pleas as to both defendants (Halsey v. Minnesota-South Carolina Land & Timber Co. et al. [S. C.] 160 S. E. 843), and ordered a new trial. On October 15, 1931, the defendant the Minnesota Company filed its petition in the Supreme Court for a rehearing; the rehearing was denied on November —, 1931; the remittitur from the Supreme Court to the court of common pleas was filed in the clerk's office of the latter court on November 9, 1931; and on the next day, namely, November 10, 1931, the Minnesota Company presented its petition to the state court for a removal of the cause to this court on the ground that the action, being ex delicto, did not survive as against the representatives of the defendant Montague, and had abated, and that the cause had become for the first time a controversy solely between the plaintiff, a citizen of South Carolina, and the defendant the Minnesota Company, a citizen of Minnesota, and was therefore now removable. The state court granted the petition and filed an order (without opinion) directing the record to be transmitted to this court. The plaintiff has made a motion in this court to remand the cause to the state court on the ground that the status of the case was not changed by any voluntary action of the plaintiff, and, not having been removable at the time instituted, it is not removable now.

The first question to be considered is whether the defendant's major premise, namely, that the cause of action did not survive against the representatives of the defendant Montague, and the action as to Montague is abated, is correct or not. Section 364 of the Code of Civil Procedure of South Carolina of 1922, vol. 1, provides that no action shall abate by the death, marriage, or other disability of a party or by the transfer of any interest therein, if the cause of action survive or continue; but the court may, on supplemental complaint, allow the action to be continued. Section 375 provides that causes of action for and in respect to any and all injuries and trespasses to and upon real estate, and any and all injuries to the person or to personal property, shall survive both to and against the personal or real representative, etc. This latter section, however, does not cover the present case, for the present action is not for injuries to real estate, to the person, or to personal property. The question of the survival of the action therefore depends upon the general common law as applied in South Carolina.

In South Carolina, the rule is, and has been from its earliest history, that actions ex delicto do not survive, unless the wrong which is the basis of the action has resulted in some gain or advantage to the wrongdoer, and this rule has been specifically applied to actions for fraud and deceit by false representations. Both sides have practically conceded this to be the law. McEachern v. Wilson, 154 S. C. 201, 151 S. E. 472, 477; Cline v. So. Ry. Co., 113 S. C. 440, 445, 446, 102 S. E. 641; Adams v. Haselden, 112 S. C. 32, 38, 99 S. E. 762; Jenkins v. Bennett, 40 S. C. 393, 394, 18 S. E. 929; Huff v. Watkins, 20 S. C. 477; Chaplin v. Barrett, 12 Rich. (S. C.) 284, 75 Am. Dec. 731; Code of S. C. 1922, vol. 1, §§ 364, 375.

No claim is made that any gain resulted to the defendant Montague from the wrong

complained of. There can be no doubt, therefore, that the action as against Montague does not survive and was abated by his death.

The question, therefore, for consideration is this: When an action in which there is no claim of a fraudulent attempt to evade a removal is not removable at the time that it is instituted in a state court, but after its institution a party dies and the cause of action does not survive against his representatives, and the controversy then is for the first time solely between a citizen of one state and a citizen of another state, does the case then become removable?

It is conceded by both sides that there is no case directly in point upon this question; but there are numerous decisions by the Supreme Court of the United States laying down certain rules which in my judgment inevitably lead to the conclusion that the case does not become removable.

The time for filing a petition for removal is not essential to the jurisdiction; the provision on that subject is but modal and formal, and a failure to comply with it may be the subject of waiver or estoppel. Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 98, 18 S. Ct. 264, 42 L. Ed. 673; Connell v. Smiley, 156 U. S. 335, 15 S. Ct. 353, 39 L. Ed. 443; Martin v. B. & O. R. Co., 151 U. S. 673, 688–691, 14 S. Ct. 533, 38 L. Ed. 311; Northern Pacific R. Co. v. Austin, 135 U. S. 315, 318, 10 S. Ct. 758, 34 L. Ed. 218; Ayers v. Watson, 113 U. S. 594, 597–599, 5 S. Ct. 641, 28 L. Ed. 1093.

It is well settled that a case not removable when commenced may become removable by the voluntary act or conduct of the plaintiff; either by amending his pleadings so as to change the nature of the cause of action, or by a voluntary dismissal of a party defendant, in a case not removable because of joinder of defendants. Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713; Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 100, 101, 18 S. Ct. 264, 42 L. Ed. 673; Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551; Martin v. Baltimore & Ohio R. R. Co., 151 U. S. 673, 688, 691, 14 S. Ct. 533, 38 L. Ed. 311; Ayers v. Watson, 113 U. S. 594, 5 S. Ct. 641, 28 L. Ed. 1093.

But it is equally well settled that, where there is no claim of a fraudulent attempt to evade a removal, a case not removable when commenced cannot be converted into a removable one by evidence of the defendant or by an order of the court upon an issue on the merits; but can only be accomplished by the voluntary action of the plaintiff. Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713; Southern Ry. Co. v. Lloyd, 239 U. S. 496, 500, 36 S. Ct. 210, 60 L. Ed. 402; American Car & Foundry Co. v. Kittelhake, 236 U. S. 311, 315, 316, 35 S. Ct. 355, 59 L. Ed. 594; Whitcomb v. Smithson, 175 U. S. 635, 637, 20 S. Ct. 248, 44 L. Ed. 303; Kansas City Suburban, etc. v. Herman, 187 U. S. 63, 70, 23 S. Ct. 24, 47 L. Ed. 76; Lathrop, Shea & Henwood Co. v. Interior Constr'n Co., 215 U. S. 246, 251, 30 S. Ct. 76, 54 L. Ed. 177; Alabama Great Southern R. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147.

The reason for these rules is perfectly clear. If a plaintiff could voluntarily change the nature of his cause of action or dismiss some defendants, leaving the controversy solely between citizens of different states, the right of removal could be defeated in practically every case by this simple device. The time within which the law prescribes that the defendant must file his petition for removal being merely modal and formal, and subject to waiver and estoppel, the voluntary conduct of the plaintiff is deemed a waiver, and estops him from asserting that the cause is not removable at a later stage. A defendant is not to be deprived of his right of removal by such conduct, forced upon him in invitum. On the other hand, it is equally clear that, when a plaintiff has begun his case in good faith, and it is not removable when instituted, he should not be deprived of his right to continue in the state court because some action of the court or of his adversary has changed the status of the case against his wishes.

If we apply these rules and the reasoning upon which they are based to the present case, it seems to me there can be but one answer to the question presented. Here the plaintiff began his case in the state court in good faith, and no claim is made of any fraudulent attempt to evade the right of removal. He has pressed his case to trial against both defendants in the lower court, and has carried it against both of them by appeal to the Supreme Court. He had no part in changing the status of the case; that has been forced upon him in invitum by the death of the party and the law which declares that the case as to that party shall not survive. He is not to be deprived of his right to continue in the state court because of events over which he had no control whatever.

There is only one case by the Supreme

Court which appears to be at all in conflict with the rules laid down in the cases above cited. This is the case of Yulee v. Vose, 99 U. S. 539, 25 L. Ed. 355. This case was decided before the cases above cited, and, if there is any conflict, the later cases would of course prevail. But, when the case of Yulee v. Vose is carefully considered, there is no conflict whatever. Yulee v. Vose arose under the Judiciary Act of 1789 (1st Stat. 73) and the Act of July 27, 1866 (14 Stat. 306 [28 USCA § 71 note]). The Judiciary Act of 1789 (Act of September 24, 1789, c. 20, § 12, 1 Stat. 73, 79 [28 USCA § 71 note]) provided for a removal by the defendant "at the time of entering his appearance in such state court." When the suit was commenced in the state court, Vose, the sole plaintiff below, was a citizen of New York, and Yulee a citizen of Florida. If there had been no other defendant but Yulee, he could have removed the cause under section 12 of the Judiciary Act of 1789 by filing his petition at the time of his appearance; but his joinder with other defendants prevented this at that time. It was impossible for him to proceed under the act of 1866, because, although his liability as indorser in which his codefendants had no interest was shown, he was united with them in respect to other matters, where there could be no final determination of the controversy, so far as it concerned him, without their presence. The Court of Appeals decided that there could be no relief in the action except so far as it related to the liability of Yulee as indorser of the notes; so that all other parts of the case were disposed of, and that which related to Yulee alone left for final determination. The action of the Court of Appeals separated the controversy in which Yulee was alone concerned as defendant from the rest of the case, and put him for the first time in condition to invoke the aid of the act of 1866. Now the act of 1866 differed from the act of 1789 with respect to the time when the removal must be made. The act of 1866 (14 Stat. 306) provides for removal by defendant "at any time before the trial or final hearing of the cause." The Supreme Court simply decided that, when all the other defendants were eliminated and the action became one solely between Yulee and Vose, his petition for removal was in time because it was before the trial and final hearing of those issues. The present act is in this respect different both from the acts of 1789 and of 1866. The present act (28 U. S. Code, § 72 [28 USCA § 72]) provides for the removal "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead." It is perfectly apparent that the decision in Yulee v. Vose was based on the particular phraseology of the act of 1866, and there is therefore no conflict between that decision and the decisions under the later acts, where an entirely different phraseology is used.

■ At the oral argument, counsel for the defendant suggested that the failure of the plaintiff to endeavor to make the representatives of the defendant Montague parties to the action by proper proceedings for that purpose in the state court must be deemed such conduct as to bring the case within the rules laid down by the Supreme Court in the cases I have cited. There are several answers to this suggestion. In the first place, there can be no doubt whatever that under the law of South Carolina the action did not survive as against the representatives of Montague, and any attempt to bring them in as parties would have been futile; and the law does not demand a futile action. In the next place, the defendant in its petition for removal made the distinct allegation that the action did not survive and had abated; and is hardly in position to claim the contrary now. Counsel for the defendant practically conceded at the hearing of this motion that such was the law. In addition to this, there has been no opportunity for such action on the part of the plaintiff. When the defendant Montague died, the case had been argued in the Supreme Court and taken under advisement; and I do not understand that the rules of that court require or permit the bringing in of the representatives of the deceased party at that stage. The court of common pleas did not regain jurisdiction of the cause until the remittitur from the Supreme Court was filed; and the plaintiff could make no motion to bring in the representatives in the common pleas until it had regained jurisdiction. On the very day after that court regained jurisdiction, the petition for removal was filed and the case removed to this court. The plaintiff certainly had no opportunity to proceed in the common pleas to bring in the representatives of the defendant Montague. I do not see that any supposed inaction on the part of the plaintiff can possibly affect the present case. Of course, as this court has no jurisdiction and the case must be remanded to the state court, nothing herein contained will in any wise affect the right of the plaintiff to proceed in the state court and endeavor to make the representatives of Montague parties if he be so advised.

For these reasons, the case must be remanded to the state court, and an appropriate order will be entered accordingly.