# KANSAS CITY SUBURBAN BELT RAILWAY COM-PANY *v.* HERMAN.

### ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 321.    Submitted October 20, 1902.—Decided November 3, 1902.

While an action commenced in a state court against two defendants, one of whom is a resident and the other a non-resident, may be removed to the Circuit Court of the United States by the non-resident defendant if it can be shown that the cause of action is separable and the resident defendant is joined fraudulently for the purpose of preventing the removal of the cause to the Federal court, such removal cannot be had if it does not appear that the resident defendant, is fraudulently joined for such purpose.

This rule will be adhered to even if on the trial of the action the lower court holds that no evidence was given by the plaintiff tending to show liability of the resident defendant, and a second application for removal from the state to the Federal court has been made and denied after a trial, and the trial court, has sustained a demurrer to the evidence as to the resident defendant, and where it appears that the ruling was on the merits and *in invitum.*

*Powers* v. *Chesapeake & Ohio Railway Company,* 169 U. S. 92, distinguished, and *Whitcomb* v. *Smithson,* 175 U. S. 635, followed.

Where a fraudulent joinder of defendants is averred by the party petitioning for removal and is specifically denied, the petitioner has the affirmative of the issue.

THIS was an action brought by Andrew Herman, a minor, by his next friend, in the Court of Common Pleas of Wyandotte County, Kansas, September 18, 1897, against the Union

Terminal Railway Company, a corporation of Kansas, and the Kansas City Suburban Belt Railway Company, a corporation of Missouri, to recover damages for injuries inflicted through their joint or concurrent negligence.

The Belt Railway Company, October 18, 1897, filed a verified petition and bond for removal in proper form on the ground of a separable controversy; which petition alleged the controversy between plaintiff and petitioner to be distinct and separable from that between plaintiff and the Union Terminal Railway Company, on these grounds:

"1. Defendant, The Union Terminal Railway Company, owns, repairs and maintains the railroad mentioned in plaintiff's petition. Your petitioner has no interest therein, except that it has leased same and pays certain yearly rental for the use of said tracks. All of the locomotives, engines and cars running over said railroad are the property of your petitioner, or subject to its control. Defendant Terminal Company has no control over the operation of trains and has no employés in train service. Defendant The Union Terminal Railway Company is responsible for the condition of the track and your petitioner, and none other, for the acts and doings of all persons operating trains.

" 2. The plaintiff herein has declared upon two distinct causes of action: First: for maintaining a defective switch; and second: for negligent operation of a train of cars, the first of which, if true, is negligence chargeable against defendant The Union Terminal Railway Company, and the second, if true, is negligence chargeable against your petitioner.

" 3. The train of cars mentioned in the petition was operated by your petitioner as averred. All of the parties in charge thereof were in your petitioner's employ and none other.

" 4. By reason of the foregoing your petitioner says that whatever cause of action plaintiff has for negligent operation of said railroad train lies against your petitioner exclusively."

The application for removal was heard February 5, 1898, and upon argument denied. The Belt Company thereupon filed a transcript of the record in the Circuit Court of the United States for the District of Kansas, and plaintiff made a

motion to remand, which was sustained by the Circuit Court, and the cause remanded to the state court " on the —— day of May, 1898." Each of the two railroad companies defendant then filed its separate demurrer, May 28, 1898, assigning as causes, misjoinder of parties; and that plaintiff had not stated a cause of action or facts sufficient to constitute a cause of action against it. These demurrers were severally overruled, and the defendants severally answered. The cause came on for trial October 18, 1898, and on October 20, at the close of the evidence for plaintiff, each company filed its separate demurrer to the evidence on the ground that the same was not sufficient to establish a cause of action against it. The court sustained the demurrer of the Terminal Company, the Kansas corporation, and entered judgment in its favor, to which ruling of the court plaintiff at the time excepted; and the court overruled the demurrer of the Belt Company, the Missouri corporation, to which ruling the Belt Company excepted. Thereupon the Belt Company filed a second verified petition for removal, which, after rehearsing the prior proceedings, thus continued :

" And the defendant further says that no evidence was offered or introduced by plaintiff or attempt made to show a cause of action against said Union Terminal Railway Company; that said Union Terminal Railway Company was joined with this defendant fraudulently and for the sole purpose of preventing a removal of this cause to the Circuit Court of the United States, and with no purpose or intent of attempting to show any cause of action against it.

" This defendant now here shows to the court that there is a separable controversy and that the plaintiff's cause of action exists against the defendant alone and in nowise against the said defendant, The Union Terminal Railway Company. That no cause of action ever existed against the defendant, The Union Terminal Railway Company, as plaintiff at all times well knew."

In response to this petition plaintiff filed without objection an affidavit, which stated, among other things, that it was not true " that plaintiff joined the Union Terminal Railway Com-

pany as defendant therein fraudulently or for the purpose of giving this court jurisdiction of the petitioner, but on the contrary, plaintiff avers that said action was brought in good faith against both defendants as joint tort feasors, and that plaintiff believed in good faith that he has a joint cause of action against both defendants, and had subpœnas issued for witnesses to prove directly the responsibilities of the Union Terminal Railway Company for the injuries sustained by plaintiff, but that on account of the removal of a witness from the State, plaintiff was at the last moment unable to obtain certain testimony, which, if introduced, would have tended to prove the joint liability of said defendants. That plaintiff has excepted to the ruling of the court sustaining a demurrer to the evidence on the part of the Union Terminal Railway Company in the trial of this case, for the purpose of preserving his rights in this action against both of said defendants jointly." And it was further stated that counsel had relied on the production, on notice which had been given, of " writings showing the relations existing between the two defendant companies in the operation and maintenance of their lines of railroad where the injuries were received," and on an agreement with counsel for both of the defendants to admit the facts as to the relations between said companies, which, when it was too late to adduce other testimony, was not fulfilled.

The application for removal was overruled, and the Belt Company excepted, but took no bill of exceptions embodying the evidence to which the demurrers had been directed. The trial then proceeded, and resulted in a disagreement of the jury.

Plaintiff subsequently filed an amended petition reducing the damages claimed to less than $2000, and the cause was again tried, and resulted in a verdict and judgment in favor of plaintiff for $1500. The cause was carried to the Kansas Court of Appeals and the judgment affirmed, and thence to the Supreme Court of Kansas with like result. *Kansas City Suburban Belt Railway Company* v. *Herman et al.,* 68 Pac. Rep. 46.

A writ of error from this court was then allowed by the Chief Justice of Kansas, and citation issued to and acknowledged

on behalf of Herman, and the Union Terminal Railway Company. The case was submitted on motions to dismiss or affirm.

*Mr. Gardiner Lathrop, Mr. Thomas R. Marrow* and *Mr. Samuel W. Moore* for plaintiff in error. *Mr. John W. Fox* was with them on the brief.

*Mr. Silas Porter* for defendant in error. *Mr. W. B. Sutton* was with him on the brief.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

The question is whether the state court erred in denying the second application for removal, and in view of our previous rulings in respect of such applications we think there was color for the motion to dismiss. And reference to two recent decisions of this court will indicate the reasons for our conclusion that the motion to affirm must be sustained.

In *Powers* v. *Chesapeake & Ohio Railway Company*, 169 U. S. 92, the railroad company filed its petition for removal on the grounds of separable controversy, and that its co-defendants were fraudulently and improperly joined in order to defeat the company's right of removal. The transcript of the record of the state court was filed in the Circuit Court of the United States, and a motion to remand was sustained for want of separable controversy. Thereafter, when the case was called for trial in the state court, plaintiff discontinued his action against the co-defendants, and the company filed a second petition for removal, which was denied. The company then again filed a transcript of the record of the proceedings in the Circuit Court, and plaintiff again moved to remand, and the Circuit Court, being of opinion that plaintiff had fraudulently joined the co-defendants in order to defeat the removal and was estopped to deny that the second petition for removal was filed in time, denied the motion to remand. 65 Fed. Rep. 129. Final judgment was afterwards rendered in the company's favor, and a

writ of error was sued out from this court on the sole ground that the cause had not been properly removed into the Circuit Court. The judgment was affirmed, and it was held that "when this plaintiff discontinued his action as against the individual defendants, the case for the first time became such a one as, by the express terms of the statute, the defendant railway company was entitled to remove; and therefore its petition for removal, filed immediately upon such discontinuance, was filed in due time." But we did not pass upon the questions of fraudulent joinder and estoppel because the application was seasonably made, and stated sufficient ground for removal apart from fraud.

In *Whitcomb* v. *Smithson*, 175 U. S. 635, the action had been brought by Smithson, in a Minnesota court, against the Chicago Great Western Railway Company and H. F. Whitcomb and Howard Morris, receivers of the Wisconsin Central Railroad Company, to recover for personal injuries inflicted, while he was serving the Chicago company as a locomotive fireman, in the collision of the locomotive on which he was at work, and another locomotive operated by Whitcomb and Morris as receivers. The Chicago company answered the complaint and the receivers filed a petition for the removal of the cause into the Circuit Court of the United States for Minnesota, alleging diverse citizenship; that they were officers of the United States court; that the controversy was separable, and that the railway company was fraudulently made a party to prevent removal. Plaintiff answered the petition and asserted that the company was made party defendant in good faith, and not for that purpose. An order of removal was entered and the cause sent to the Circuit Court, which and thereafter remanded it to the state court. Trial was had, and after the testimony was closed counsel for the Chicago company moved that the jury be instructed to return a verdict in behalf of that defendant, which motion was granted. The receivers then presented a petition for removal, but the court denied the application, and exception was taken. The court thereupon instructed the jury to return a verdict in favor of the Chicago company, which was done, and the cause went to the jury, which returned a verdict against

the receivers and assessed plaintiff's damages. Judgment was entered on the verdict, and subsequently affirmed by the Supreme Court of Minnesota on appeal, and a writ of error was sued out from this court. Motions to dismiss or affirm were submitted, and we held that there was color for the motion to dismiss, and affirmed the judgment. We there said: "The contention here is that when the trial court determined to direct a verdict in favor of the Chicago Great Western Railway Company, the result was that the case stood as if the receivers had been sole defendants, and that they then acquired a right of removal which was not concluded by the previous action of the Circuit Court. This might have been so if when the cause was called for trial in the state court plaintiff had discontinued his action against the railway company, and thereby elected to prosecute it against the receivers solely, instead of prosecuting it on the joint cause of action set up in the complaint against all the defendants. *Powers* v. *Chesapeake & Ohio Railway,* 169 U S. 92. But that is not this case. The joint liability was insisted on here to the close of the trial, and the non-liability of the railway company was ruled *in invitum.*"

It was pointed out that the ruling of the trial court "was a ruling on the merits and not a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendants to prevent plaintiff from taking a verdict against them. The right to remove was not contingent on the aspect the case may have assumed on the facts developed on the merits of the issues tried." We held also that the judgment of the Circuit Court in remanding the cause, when removed on the first application, covered the question of fact as to good faith in the joinder, and added that "assuming, without deciding, that that contention could have been properly renewed under the circumstances, it is sufficient to say that the record before us does not sustain it."

It will be perceived that: In *Powers* v. *Railway Company,* two applications for removal were made; they were severally denied; and the record was filed in the Circuit Court of the

United States in each instance. Remand was granted on the first removal and denied as to the second. Plaintiff voluntarily discontinued his action against the company's co-defendants before trial, thereby leaving the case pending between citizens of different States, and no necessity to dispose of the issue as to fraudulent joinder arose.

In *Smithson* v. *Whitcomb* two applications for removal were made and they were severally denied, but the record was filed in the Circuit Court of the United States only on denial of the first application, and the case was only once remanded. Plaintiff did not discontinue his action against either of the defendants and went to trial against both, and the trial court directed a verdict in favor of one of them. The ruling was on the merits and *in invitum*.

In the case at bar, two applications for removal were made, and they were severally denied, but the record was filed in the Circuit Court of the United States only on the denial of the first application, and the case was only once remanded. Plaintiff did not discontinue as to either of the defendants and went to trial against both, and the trial court sustained in favor of one of them a demurrer to the evidence. Here again the ruling was on the merits and *in invitum*.

The first petition in terms raised no issue of fraudulent joinder, but the second petition did. Was that issue seasonably raised, and, if so, ought the case to have been removed? The second petition did not state when petitioner was first informed of the alleged fraud, but left it to inference that it was not until after plaintiff had introduced his evidence, notwithstanding the averments in the first petition.

But apart from this, the averments of fraud were specifically denied, and, so far as this record discloses, the petitioner, who had the affirmative of the issue, failed to make out its case. *Plymouth Mining Company* v. *Amador Canal Company*, 118 U. S. 264, 270.

Doubtless the general rule is that issues of fact raised on petitions for removal should be tried in the Circuit Court of the United States, but petitioner did not file the record in the Circuit Court, and as the issue was correctly disposed of, it would

be absurd to send the case back to be removed for the purpose of being remanded, and we are obliged to deal with the record as it is. Nor was the evidence introduced on plaintiff's behalf, and demurred to, made part of the record, and the bare fact that the trial court held it insufficient to justify a verdict against the Terminal Company was not conclusive of bad faith. The trial court may have erred in its ruling, or there may have been evidence which, though insufficient to sustain a verdict, would have shown that plaintiff had reasonable ground for a *bona fide* belief in the liability of both defendants. In these circumstances, the case comes within *Smithson* v. *Whitcomb*, and the judgment must be

*Affirmed.*