**WESNER v. GAS SERVICE CO. et al.**
**(two cases).**

**AITCHISON et al. v. SAME.**
**Nos. 1183–1186 (two cases).**

District Court, W. D. Missouri, W. D.
July 1, 1942.

646

Henderson, Henderson & Swofford, of Kansas City, Mo., and Leo Armstrong, of Columbus, Kan., for plaintiffs.

Charles M. Miller, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The above cases were removed from a state court to this court upon the grounds of (a) a fraudulent joinder and (b) a separable controversy.

The suits are for damages alleged to have accrued to the plaintiffs by reason of a gas explosion at Sugar Creek, Missouri. The corporate defendant was engaged in furnishing natural gas to the residents of Sugar Creek. It did this by carrying the gas through its mains, lines, pipes and conduits. On January 1, 1942, there was an explosion, and there is no issue but that such explosion was caused by the escape of natural gas from the mains or pipes of the corporate defendant. The assignments of negligence are that: "Defendants carelessly and negligently caused, allowed and permitted large quantities of natural gas to escape and be forced from the mains, valve lines, meters, regulating station and other fixtures owned, operated and maintained by defendant, Gas Service Company, * * *, and carelessly and negligently caused, allowed and permitted said natural gas to accumulate in large and dangerous quantities in and upon the said premises."

There was a further allegation that the corporate defendant was careless and negligent in the installations made by it. In addition, the plaintiffs complained that both the defendants " * * * · negligently and carelessly caused allowed and permitted the mains, lines, pipes, valves, meters and other fixtures used in the distribution of said natural gas to the users in Sugar Creek * * * to become and remain in an unsafe and unsound condition so that the flow and pressure thereof could not be properly and safely controlled and the gas could not be confined, (etc.)"

There was a special averment with respect to the local defendant as follows: That he "was negligent and careless in that he failed, neglected and refused to shut off the gas supply on January 1, 1942 when he knew or by the exercise of ordinary care could have known that said gas was escaping from said mains, lines and other fixtures and particularly into and upon the premises at 103 North Sterling, Sugar Creek, Missouri and thus and thereby have avoided the said explosion and resulting fire, as aforesaid."

In addition to the specific charges of negligence, the plaintiff, in case No. 1183, averred that all of the alleged negligent acts of the two defendants "jointly concurred to cause plaintiffs damages * * *."

The deposition of the local defendant, as well as that of other officers and employees of the corporate defendant, tended to support the averments of the petition to

the effect that the local defendant was in charge of operations and in that capacity was responsible for the inspection, supervision and maintenance of the pipes, lines, and other equipment of the corporate defendant. Moreover, the evidence tended to show that the local defendant had been called in the early morning when the explosion occurred and prior thereto, in time to have notified the plaintiff and others of the imminent danger of gas explosion. He was made acquainted with the perilous pressure and knew the dangers incident thereto.

All of the complaints in the several cases affected by this motion do not contain the binding averment of joint and concurrent negligence. This, however, under the authorities, does not seem to be necessary.

1. The Missouri rule applicable to the situation here was announced in Stith v. J. J. Newberry Co. et al., 336 Mo. 467, 79 S. W.2d 447. In that case the plaintiff sued for the alleged negligence of the corporate defendant in failing to clean an accumulation of ice from the sidewalk in front of the store. Such accumulation was not general over the city but was caused by the alleged negligent maintenance of an awning and the protective structure above it. With respect to the local defendant's liability, the court said, 79 S.W.2d loc.cit. 455: "* * * it was the duty of defendant Johnson as manager of this store, both to his employer and to the public, to see to it that the awning over the sidewalk was kept and operated in a reasonably safe condition, he could not escape liability here on the ground that his negligence is one of nonfeasance instead of misfeasance. His position as manager of the store and business placed upon him the responsibility of properly handling and maintaining the awning. He had authority over the other employees, and should have kept the awning in a position and condition not likely to cause harm to pedestrians on the sidewalk either by his own efforts or through employees who were there to act under his orders. His duty in that respect was the same as that of his employer. * * *"

The court then quoted from Labatt's Master and Servant, 2d Ed., p. 7974, Section 2586, as follows: "'The person having charge of the building, whether as owner or agent or servant, ought to be responsible to third persons, on the theory that a duty to use proper care arises from such control.'"

■ It is difficult to discern a difference in principle between the foregoing case and the case now being considered. According to the averments of the petition as well as the proof it was the duty of the local defendant to inspect the equipment of the corporate defendant and assure its proper maintenance for the safety of the public. Under such circumstances it was permissible for the complainants to join the local defendant as a party.

■ On the question of fraudulent joinder the courts have repeatedly held that a showing of fraud must be such as to compel the conclusion that the joinder is without right and is made in bad faith. Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, loc.cit. 152, 34 S.Ct. 278, 58 L.Ed. 544. All of the cases follow and fully support this rule. The effect of the ruling is that if there is a controversy or a factual question in the matter of fraudulent joinder, then the case is not removable. The evidence must be compelling and one sided in order to warrant removal where the petition on its face shows joint liability.

2. The other question presented is whether there was in fact such a separable controversy between the plaintiffs and the corporate defendant as to entitle it to remove the case.

■ A separable controversy means a controversy which is wholly between the plaintiffs and the defendant seeking to remove, and which is capable of being finally determined between them and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit.

■ The courts of Missouri have also laid down rules on the question of joint liability and have settled the question whether, in a single catastrophe or accident, either of the joint tort feasors might be able to claim a separable controversy.

In the case of Shafir v. Sieben et al., Mo.Sup., 233 S.W. 419, 424, 17 A.L.R. 637, there were two defendants and the negligence of each was separate and distinct from that of the other. It was held by the court that each of the defendants was negligent and that "the completed wrong is the joint act of all, so that the man who holds the victim is jointly guilty with the man who beats him."

The same ruling was made in Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654.

In like manner the court held, in Christiansen v. St. Louis Public Service Co. et al., 333 Mo. 408, 62 S.W.2d 828, 830, that: "'* * * if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent, intervening cause, would not have produced the injury.'" See also Gray v. Kurn et al., 345 Mo. 1027, 137 S.W.2d 558, 559.

3. In the case of Watson v. Chevrolet Motor Co. of St. Louis, 8 Cir., 68 F.2d 686, 688, the Court of Appeals, this circuit, held that: "Where the complaint in an action of tort, reasonably construed, charges concurrent negligence, the controversy is not separable * * *."

In the foregoing cases, the averments of the several complaints, when reasonably construed, charge concurrent negligence on the part of the nonresident and local defendant, even though such petitions contain alleged separate acts of negligence appertaining to each of the defendants.

In view of the above the court is without jurisdiction and the motion to remand should be sustained. It is so ordered.