Lorraine STONE, Plaintiff,

v.

Howard Myron FOSTER and William E. Benning, Jr., Defendants.

Civ. A. No. 376.

United States District Court
W. D. Arkansas,
Fayetteville Division.

June 25, 1958.

Rex W. Perkins, Fayetteville, Ark., for plaintiff.

Paul E. Gutensohn, Fort Smith, Ark., Calvin W. Hendrickson, Oklahoma City, Okl., for defendant Foster.

W. B. Putman, Fayetteville, Ark., for defendant Benning.

JOHN E. MILLER, District Judge.

The plaintiff has moved to remand this case to the Circuit Court of Washington County, Arkansas.

On October 30, 1957, plaintiff filed her complaint against the defendants seeking to recover damages for personal injuries alleged to have been suffered by her in a collision between the automobile in which she was riding and one being driven by the defendant, Howard Myron Foster, a citizen and resident of the State of Oklahoma, and one being driven by the defendant, William E. Benning, Jr., a citi-zen and resident of the State of Arkansas.

Specific acts of negligence are alleged against both defendants, and that the acts of negligence operating both singly and together contributed to and were a proximate cause of the injuries suffered and the damages sustained by plaintiff. The plaintiff prays for judgment against both defendants and each of them, together with all costs.

On April 22, 1958, plaintiff filed an amendment to her complaint, in which she alleged that subsequent to the date of the injuries she had married Darryl Herbert, and she asked that the case proceed in her married name, Lorraine Stone Herbert.

In due time the defendant, Howard Myron Foster, filed his answer in which he denied "each and every material allegation contained in the complaint." Following the filing of the original answer, the said defendant filed an amended answer, in which he alleged that at the time of the collision of the automobiles he was in the exercise of ordinary and reasonable care, and was confronted with a sudden emergency preceding the collision; that after discovering said emergency he exercised reasonable and ordinary care to avoid and prevent the collision; that the collision occurred "as a result of an unavoidable casualty"; and that the collision "was caused and occurred on account of the sole negligence of Charles Abbott, driver of the automobile in which plaintiff was riding."

The record does not contain the answer of the defendant, William E. Benning, Jr.

The defendant, Howard Myron Foster, on May 29, 1958, filed in this Court his petition for removal, in which he alleged that the case was regularly called for a jury trial on May 12, 1958, in the Circuit Court of Washington County; that the plaintiff and both defendants announced ready for trial; a jury was empaneled and the cause proceeded to trial and was finally submitted to the jury as to both defendants on May 13, 1958; that after

due deliberation the jury announced that it was unable to reach a verdict, whereupon a mistrial was declared by the trial judge and the jury dismissed.

Said defendant further alleged that the plaintiff, Lorraine Stone Herbert, is a citizen and resident of the State of Arkansas, and that because the defendant, William E. Benning, Jr., was fraudulently joined as a party defendant in the action commenced in the Circuit Court of Washington County, State of Arkansas, and that this became known to petitioner (Howard Myron Foster) only after this cause was fully tried, argued by counsel, and submitted to the jury, this cause became removable because of the manifestation of the fraud at that time for the first time, and since the matter in controversy exceeds the amount of $3,-000, exclusive of interest and costs, and involves an action between citizens of different States, it is a controversy over which the District Courts of the United States have original jurisdiction.

In numbered paragraph III of the petition for removal, it is alleged:

"Your petitioner would show the Court through a complete record of all of the proceedings of the trial upon the issues in the Circuit Court of Washington County that at no time did the plaintiff attempt to prove any of the allegations of negligence alleged by the plaintiff against the defendant William E. Benning, Jr., and that at no time did the plaintiff attempt in any wise to involve the defendant William E. Benning, Jr., as a responsible party for any of the injuries alleged by the plaintiff; that there was a complete absence by the plaintiff of any demonstration of an intent to procure a verdict against the defendant William E. Benning, Jr., at the hands of the jury, and that the record shows that there was no intent on the part of the plaintiff to involve the defendant William E. Benning, Jr., as a responsible party to whom the plaintiff could look for damages."

In numbered paragraph V, it is alleged:

"That there was a complete absence of any proof on the part of either the plaintiff or your petitioner with respect to any responsibility of the defendant William E. Benning, Jr., for the accident and any injuries sustained by the plaintiff resulting therefrom; that though no evidence of any character was offered by any of the parties to this trial showing any responsibility on the part of the defendant William E. Benning, Jr., because, as a matter of fact, no such proof did or does now exist, the attorney for the defendant William E. Benning, Jr., made no motions during the course of the trial for dismissal of said cause against the defendant William E. Benning, Jr.; and that during the argument to the jury at the conclusion of the evidence in this cause presented by said attorney for the plaintiff, no mention or reference was made by said attorney to any responsibility on the part of the defendant William E. Benning, Jr., and no argument was made which would in any wise involve William E. Benning, Jr., as a responsible party in the accident; and that the argument presented by the attorney for the defendant William E. Benning, Jr., was directed, apart from his assertions as to the responsibility of your petitioner for said accident, toward emphasizing and aggrandizing the injuries sustained by the plaintiff to the end of requesting that a substantial judgment be returned in this case for the plaintiff against your petitioner."

The petitioner, in numbered paragraph VI of the petition, alleged that the defendant, William E. Benning, Jr., was fraudulently joined for the sole purpose of preventing the removal of this case to the Federal Court.

On June 6 the plaintiff filed a response to the petition and included therein a motion to remand, in which she alleged

"that the complaint alleged and the proof showed the resident defendant, Benning, negligent; further, the question of Benning's negligence was submitted to a jury. * * * Plaintiff further states that the defendant, Benning, is a bona fide resident and domiciled in the State of Arkansas; and that he is a joint tort-feasor with the defendant, Foster; that the jurisdiction exists in the Circuit Court of Washington County, Arkansas, and has so existed since October 30, 1957. * * * and that the defendant, Howard Foster, has failed, in apt time, to seek a removal of said cause."

The plaintiff also denied that the defendant Benning was fraudulently joined as a party defendant to prevent removal of the case to this Court.

On June 14 the defendant, Howard Myron Foster, filed his response to the motion to remand in which he alleged:

"The original pleadings in this cause in the Circuit Court of Washington County did not present a removable case but the subsequent events which took place at the trial and after this case was submitted to the jury, made it plain that there existed a removable controversy between the parties, and therefore removal can be effected within due time thereafter."

On the same date the defendant Foster filed a motion for oral argument, in which he requested the Court to grant oral argument on the plaintiff's motion to remand, and further requested that the motion be not set for hearing until the Court Reporter for the Circuit Court of Washington County, Arkansas, had completed a transcript of the evidence offered at the trial on the merits of this cause in the Circuit Court of Washington County, which transcript he had ordered.

The Clerk called the attention of the Court to the said motion of defendant, and on June 17 the attorney for the plaintiff and the attorney for the defendant Foster were advised by letter that the Court much preferred to dispose of motions upon the record and briefs under Local Rule 8,[1] and that oral arguments on motions were allowed only in exceptional cases. The attorneys were further advised by the Court that action would be deferred on the motion until receipt of the transcript, and after considering the

---

1. Local Rule 8 provides:

"(a) Local conditions made it impracticable to establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of. Therefore, unless otherwise ordered, motions shall be submitted and determined upon the record and motion papers hereinafter referred to. The moving party shall serve and file with his motion a proof of the notice of filing and service thereof, a brief separate statement of the reasons in support of the motion and citation of the authorities upon which he relies. If the motion requires consideration of facts not appearing of record, he may also serve and file copies of all photographs or documentary evidence deemed necessary in support of the motion in addition to affidavits required or permitted by the Federal Rules of Civil Procedure.

"(b) Any party opposing the motion shall serve and file within 10 days from the time when a copy of the motion and supporting papers have been served upon him a brief statement of the reasons in opposition to the motion and citation of the authorities upon which he relies. If the motion requires consideration of facts not appearing of record, he may also serve and file copies of all photographs or documentary evidence deemed necessary in opposition to the motion in addition to affidavits required or permitted by the Federal Rules of Civil Procedure.

"(c) The moving party or party filing a response to the motion, at the time of filing such motion or response, may request oral argument or that ore tenus testimony be heard by the court before disposing of said motion, and the Judge, in the exercise of his discretion, for valid cause shown or upon his own initiative, may order, upon reasonable notice, that oral argument be had or that ore tenus testimony be introduced, or may proceed after the filing of a response, as provided in paragraph 'b' hereof, or upon the expiration of 10 days from the service of the filing of the motion and

transcript, the record, and the briefs herein, if the Court was then of the opinion that oral argument would be helpful the motion would be set for such argument. On the other hand, if it appeared that oral argument was unnecessary, the motion to remand would be decided on the basis of the record and the briefs of the parties.

The defendant Foster cited several cases in his response to the motion to remand.[2]

The calendars of this Court are in such condition as to require the Court to expedite the consideration of motions when it is possible to do so without doing an injustice to the parties, and a break in the calendar of cases regularly set for trial having occurred, the Court has utilized the time to consider the motion to remand, notwithstanding the transcript of the trial on the merits in the Washington Circuit Court has not been received. An examination of the record and the governing decisions convinces the Court that no useful purpose would be served by awaiting the receipt of the transcript of the evidence adduced by the parties at the trial in the State court.

■ It is not contended that a joint cause of action was not alleged by plaintiff against both defendants. Each of the cars driven by the defendants were involved in the collision, and no petition for removal was filed until after the trial on the merits and after the jury announced that it was unable to reach a verdict. This occurred on May 13, 1958, and the petition for removal was filed on May 29—sixteen days later—and is based upon the allegations that the evidence introduced at the trial did not establish that the resident defendant Benning was or is liable. This allegation and contention is made by the defendant

Foster notwithstanding the jury failed to reach a verdict and was finally discharged by the Circuit Judge for that reason. Now the defendant Foster seeks to assert that Benning, the resident defendant, was fraudulently joined in the first instance to prevent removal. Evidently the facts were known to the defendant Foster, and notwithstanding his knowledge of the facts, he took no steps to remove the case until after the jury had failed to reach a verdict against either of the defendants. He has alleged in his petition for removal that the plaintiff in her suit "sought to recover from the defendants a money judgment in the amount of $125,000 because of damages which were alleged to have been sustained by the plaintiff and to have been caused by the negligence of the defendants." The defendant now states that during the trial in the State court there was a complete absence of any intent on the part of the plaintiff to procure a verdict against the defendant, William E. Benning, Jr. This contention is made notwithstanding the fact that the case is still pending against the resident defendant, William E. Benning, Jr. There has been no nonsuit, no dismissal, and no verdict against plaintiff on her claim against the resident defendant Benning. The cases relied upon by the petitioning defendant merely announce a well-established rule that where the original pleading does not present a removable case but subsequent events make it plain that there exists a removable controversy between the original parties, removal may be made as soon as it appears.

Sec. 1446(b) of Title 28 U.S.C., provides:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the de-

supporting papers, as provided in paragraph 'a' hereof, to dispose of the motion by entry of any appropriate order."

2. Niccum v. Northern Assurance Co., D.C. Ind.1927, 17 F.2d 160; Fogarty v. Southern Pacific Co., C.C.Cal.1903, 121 F. 941; Waldron v. Skelly Oil Co., D.

C.Mo.1951, 101 F.2d 425 (this citation was evidently intended for 101 F.Supp. 425); Kraus v. Chicago, B. & Q. R. Co., 8 Cir., 16 F.2d 79; Shane v. Butte Electric Ry. Co., C.C., 150 F. 801; Wesner v. Gas Service Co., D.C., 45 F.Supp. 645; Adkins v. Blakey, D.C., 88 F.Supp. 473.

fendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In effect, the contention of the petitioning defendant is that, in his opinion, the case is removable because the proof introduced in the trial of the case in the State court was not sufficient to authorize a verdict against the resident defendant Benning.

In the case of American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594, the court held that where there is a joint cause of action alleged against a defendant resident of plaintiff's State and a nonresident defendant, in order to make the case removable as to the nonresident defendant because of the dismissal as to the resident defendant, the discontinuance as to the resident defendant must have been the voluntary act of the plaintiff and must have taken the resident defendant completely out of the case and leave only a controversy wholly between the plaintiff and the nonresident defendant. It is the leading case, and has been cited and followed in numerous cases. A reading of the case convinces the Court that the posture of the case at bar is not such as to justify a removal of the case from the State court to this Court.

The case of Cudney v. Midcontinental Airlines, Inc., D.C.E.D.Mo., 98 F.Supp. 403, was first filed in the State court in Kansas City. The defendant contended that the pleading did not state a joint cause of action, there being a general allegation of negligence only, the principal could be liable and not the servant. The State court in Kansas City sustained the defendant's position. Plaintiff thereupon dismissed her case in Kansas City and refiled the same case in the State court in St. Louis. On motion directed to the pleadings initially it was held by the State court in St. Louis that a joint claim of liability was pleaded. The case went to trial. Plaintiff in effect proved her case as pleaded. At the conclusion of plaintiff's case the court sustained a motion to dismiss as to the resident defendant on the ground of nonliability on plaintiff's charge and proof of general negligence. The defendant thereupon filed a motion to remove the case upon the grounds "that the charge of the plaintiff's petition was that of general negligence, and plaintiff relied upon the doctrine of proof known as res ipsa loquitur, and that no effort was made to prove negligence against said defendant Luckhurst and that his inclusion as a defendant was a mere device and sham to prevent this defendant from exercising its statutory right of removal to the Federal Court on the ground of diversity of citizenship, and that said joinder in the circumstances was void and ineffective for the purpose of preventing removal."

Judge Hulen, now deceased, at page 405 of the opinion, said:

"By going to trial in the State Court and awaiting a chance to move for dismissal as to the resident defendant on the merits of the case, as made by plaintiff's proof, and being successful on the motion, over plaintiff's protest, the non-resident defendant did not thereby acquire a right of removal. American Car & Foundry Company v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594; Lathrop, Shea & Henwood Co. v. Interior Construction & Improvement Company, 215 U.S. 246, 30 S. Ct. 76, 54 L.Ed. 177; Henly v. Community Natural Gas Co., D.C.N.D. Tex., 24 F.2d 252; Kincheloe v. Hopkins, D.C.N.D.Okl., 4 F.Supp. 196."

In Waldron v. Skelly Oil Co., D.C.E.D. Mo., 101 F.Supp. 425, the court held that where an action was commenced against two resident corporations and a nonresident corporation and action was dismissed as to the two resident corporations, and attorney for the nonresident corporation did not request removal of the case at that time but waited until the conclusion of plaintiff's opening statement to the jury before requesting

removal, there was a waiver of the right of removal to Federal Court.

The case of Danforth v. Pure Oil Co., D.C.N.D.Okla., 20 F.2d 387, 388, was a suit filed against the Pure Oil Co., a non-resident corporation, and a resident employee of the oil company. The cause was removed to the Federal Court but was remanded to the State court. The original petition for removal charged the fraudulent joining of the resident defendant for the purpose of defeating the jurisdiction of the Federal Court. Following the remand, the cause proceeded to trial in the State court, and upon the conclusion of the introduction of evidence by the plaintiff, and after the plaintiff had rested, demurrers were interposed by the defendants, testing the sufficiency of the evidence for the establishment of the case. The trial court sustained the demurrer of the resident defendant Baker, to which ruling the plaintiff excepted, but overruled the demurrer interposed on behalf of the defendant oil company. Plaintiff filed her motion for a new trial and to vacate the order sustaining the demurrer to the evidence as to the defendant Baker and in no manner abandoned her cause of action against Baker, and the trial of the case was still pending in the State court. The oil company filed petition for removal and also sought to enjoin the plaintiff from further proceeding in the State court. The court, in disposing of the petition for removal, said:

"No voluntary abandonment by the plaintiff of her cause of action against the resident defendant Baker has been taken in the state court, but, on the contrary, the record discloses that she is still prosecuting the action against this defendant in every possible manner. It is well settled that a case was not removable because the court had held that as to the resident defendant there was not sufficient evidence to warrant a verdict, and sustained a demurrer to the evidence. American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594.

"The authorities cited by the Pure Oil Company in support of its contention for the removal of the cause at this stage of the proceedings are considered by the United States Supreme Court in the American Car & Fdry. Co. v. Kettelhake case, supra, and in my opinion this case is controlling of the questions presented. At page 356 of the opinion in 35 S. Ct. (236 U.S. 316), Mr. Justice Day, speaking for the court, said: 'Where there is a joint cause of action against defendants resident of the same state with the plaintiff and a nonresident defendant, it must appear, to make the case a removable one as to a nonresident defendant, * * * that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant.'"

■ In Halsey v. Minnesota-South Carolina Land & Timber Co., D.C.E.D. S.C., 54 F.2d 933, the court at page 935 of the opinion, after referring to the well-settled rule that a case not removable when commenced may become removable by the voluntary act or conduct of the plaintiff, either by amending his pleadings so as to change the nature of the cause of action, or by voluntary dismissal of a party defendant, in a case not removable because of joinder of defendants, said:

"But it is equally well settled that, where there is no claim of a fraudulent attempt to evade a removal, a case not removable when commenced cannot be converted into a removable one by evidence of the defendant or by an order of the court upon an issue on the merits; but can only be accomplished by the voluntary action of the plaintiff. Great Northern Ry. Co. v. Alexander, 246 U.S.

276, 281, 38 S.Ct. 237, 62 L.Ed. 713; Southern Ry. Co. v. Lloyd, 239 U.S. 496, 500, 36 S.Ct. 210, 60 L.Ed. 402; American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 315, 316, 35 S. Ct. 355, 59 L.Ed. 594; Whitcomb v. Smithson, 175 U.S. 635, 637, 20 S.Ct. 248, 44 L.Ed. 303; Kansas City Suburban, etc., v. Herman, 187 U.S. 63, 70, 23 S.Ct. 24, 47 L.Ed. 76; Lathrop, Shea & Henwood Co. v. Interior Constr'n Co., 215 U.S. 246, 251, 30 S. Ct. 76, 54 L.Ed. 177; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147."

In Kansas City Southern Ry. Co. v. Cockrell, 169 Ark. 698, at page 702, 277 S.W. 7, at page 8, the court said:

"It is contended, in the first place, that the court erred in refusing to grant the petition for removal. The ground urged for removal of the cause at the point at which the second petition was filed is that, notwithstanding the plaintiff had not dismissed the cause as to Roberts, and the court had refused to direct a verdict as to him, according to the undisputed evidence plaintiff had made no case against Roberts or submission to the jury, and that this gave appellant the right to remove the cause, as if Roberts was no longer a party to the action. We do not agree with counsel for appellant in this contention. If the plaintiff had, at any stage of the proceedings, dismissed the action against appellant's codefendant, who was a resident of the State, the cause would then, for the first time, have become removable. Powers v. Chesapeake & Ohio Railway, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551. The distinction, however, between those cases and the present one is that the plaintiff did not dismiss the cause as to appellant's codefendant, and, whether rightly so or not, the latter was still a party-defendant, and remained as such until he was finally exonerated by the verdict of the jury. This distinction is very clearly pointed out by the Supreme Court of the United States in numerous cases. Kansas City Suburban Belt Ry. Co. v. Herman, 187 U.S. 63, 23 S.Ct. 24, 47 L.Ed. 76; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441; Lathrop v. Interior Constr. & Imp. Co., 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177; American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594; Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 38 S. Ct. 237, 62 L.Ed. 713. In the case last cited above the court said: 'It is also settled that a case arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff, or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or parties defendant.' The trial court was therefore correct in denying the petition for removal."

The petition for removal alleges that the resident defendant Benning was fraudulently joined for the sole purpose of preventing the removal of this case. Ordinarily this would require a hearing by the Court to determine whether the resident defendant was, in fact, fraudulently joined, but here the record indisputably shows that he was not joined fraudulently; that there must have been some testimony introduced at the time, which, in the opinion of the trial court, was sufficient to sustain a verdict for plaintiff against the resident defendant Benning since the case, as against both defendants, was submitted to the jury, and the jury was unable to agree upon a verdict.

■ Of course, if a resident defendant is joined, the joinder although fair upon its face may nevertheless be shown upon petition for removal to be merely a sham or fraudulent device to prevent a removal, but the showing must consist of facts leading to that conclusion rather than the pleader's conclusions or deductions. Here the petitioner has concluded that the plaintiff has no cause of action against the resident defendant merely because, in his opinion, the evidence in the trial did not convince the jury that the defendant Benning was liable. The State trial court and the jury evidently did not agree with such conclusion, else a verdict would have been returned for the nonresident defendant by the jury.

In Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390, at page 394, the court said:

"The court need only consider whether there is a real intention on the part of the plaintiff to secure a joint judgment, or whether there is only a colorable ground for such claim shown by the record. The court on motion to remand will not examine plaintiff's pleading closely enough to determine whether a flaw might be found in it on special demurrer, but even though plaintiff may have misconceived his cause of action and may have no right to maintain it against the defendants jointly, yet that does not necessarily convert an alleged joint cause of action into a separable controversy for the purpose of removal. The joinder must have been in bad faith in order to warrant removal. The joinder of a defendant is fraudulent if it is clear that under the law of the state in which the action is brought, the facts alleged by the plaintiff as the basis for the liability of the resident defendant could not create a joint liability against him and his codefendant, so that the assertion of a joint cause of action is, as a matter of local law, plainly sham and fraudulent. Such joinder is also fraudulent if the facts alleged in plaintiff's pleading with reference to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis exists for an honest belief on the part of the plaintiff that there is a joint liability. If there is doubt as to whether, under the state law, a case of joint liability is stated, or if there is doubt whether the allegations with respect to the resident defendant are false, as when that question depends upon the credibility of witnesses and the weight of evidence, the joinder is not to be held fraudulent. Where the concurrent negligence of a nonresident and a resident defendant is the basis of the claim of joint liability, the case is ordinarily not removable. Morris v. E. I. Du Pont De Nemours & Co., supra [8 Cir., 68 F. 2d 788]."

In Moore's Commentary on the U. S. Judicial Code, Sec. 0.03(35), beginning on page 234 it is said:

"The usual case in which charges of fraudulent joinder are made is that in which the plaintiff, a citizen of the state of the forum, joins a resident citizen with a nonresident defendant. Whether the joinder is fraudulent or not is said to depend on whether the plaintiff really intended to obtain a judgment against both defendants. The fact that the resident defendant has been joined under a fictitious name and has not been served with process at the time of the petition for removal is not, of itself, sufficient to allow him to be disregarded. The joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. If there is doubt as to whether the plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded. Nor will a merely defec-

tive statement of the plaintiff's action warrant removal. If the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal. The motive for joining such a defendant is immaterial, even when the defendant is judgment-proof, or when the plaintiff is ultimately found not to have had a cause of action against the defendant. Bad faith in bringing the action is not material; bad faith in the joinder is necessary. The defendant may show bad faith in joinder by proving that the plaintiff stated the facts knowing them to be false, or with enough information within reach so that he should have known them to be false. Thus in the absence of fraudulent joinder, however, the plaintiff has the opportunity to decide what parties he will state a cause of action against, just as in federal question cases he may determine whether or not he will state a federal question. He may, of course, voluntarily drop some of the parties, thereby making a non-removable cause into a removable one. But the dismissal must be voluntary, not involuntary. Nor does the case become removable if the plaintiff has not irrevocably dismissed the resident defendant."

The petitioner also has alleged in the petition for removal that after the cause was tried, the attorney representing the resident defendant Benning came to the attorney for the petitioner and showed the petitioner's attorney a release and satisfaction, which he claimed was executed by the plaintiff and/or her attorney, releasing the defendant, William E. Benning, Jr., of any and all responsibility for any judgment that might be returned by the jury in favor of the plaintiff against the defendant Benning, and that the said instrument was presented to the petitioner's attorney during the time the jury was deliberating upon the issues of the case. The existence of such a release is strenuously denied. A copy of it is not attached to the petition for removal, and the record discloses that the attorney for the resident defendant Benning, while the attorneys were conversing and awaiting the return of the jury from its deliberation, did in fact show the attorney for petitioner a paper purporting to be a release and satisfaction executed by plaintiff's attorney, but that said alleged release and satisfaction was drawn as a practical joke and that the attorney for petitioner was so advised by the attorney for the defendant Benning immediately thereafter and prior to the time the jury was discharged.

It is unusual, to say the least, that an attorney would present a paper to his adversary purporting to be a release of liability, especially soon after he had concluded an argument to the jury on behalf of his client. Evidently the attorney for petitioner accepted it as a joke, or else he would have not sat idly by and let the jury continue to deliberate without calling the matter to the attention of the trial judge. If the attorney for petitioner has such a release in his possession, or if he honestly thinks the nonresident defendant has been released by plaintiff and desires a hearing upon that phase of the case, the Court will grant him such a hearing. But the Court believes that whatever was done, was done as a joke although the attorney for petitioner did not appreciate the humor, if any, and there was, in fact, no release executed by either the plaintiff or her attorney exonerating either of the defendants.

The record discloses that the case is still pending against both defendants, and certainly the plaintiff has just cause to believe that she may obtain a judgment against both of them, even though the first jury was unable to agree upon such a verdict.

Considering the entire record in all of its aspects, the Court is convinced that the motion of plaintiff to remand the case should be granted, and an order to that effect is being entered today.