**Martha HUM, Administratrix of the Estate of Albert Thomas Hum, Deceased, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD CO., Defendant.**

**No. LR–68–C–201.**

United States District Court
E. D. Arkansas, W. D.

Nov. 12, 1968.

Henry Woods, of McMath, Leatherman, Woods & Youngdahl, Little Rock, Ark., for plaintiff.

W. A. Ledredge, Jr., Dist. Atty., Little Rock, Ark., for defendant.

*Memorandum and Order of Remand*

HENLEY, Chief Judge.

This grade crossing case was commenced originally in the Circuit Court of Pulaski County, Arkansas, by Martha Hum, Administratrix of the Estate of Albert Thomas Hum, Deceased, against the Missouri Pacific Railroad Company and W. G. Wallace. The complaint alleged in substance that plaintiff's decedent came to his death as a result of the concurrent negligence of the Railroad, as a corporation, and of Wallace, the engineer who was operating the locomotive that struck the vehicle in which decedent was riding. It was ·charged that Wallace was guilty of negligence in the operation of the train, and that the Railroad was guilty of negligence in connection with the condition of the crossing.

Plaintiff is a citizen of Arkansas, and so is Wallace. The Railroad is a Missouri corporation having its principal place of business in Missouri. The case was not removable when it was commenced in the State court, and no effort was made to remove it at that time. No claim has ever been made that the joinder of Wallace as a defendant was fraudulent.

The case was submitted to a jury in the Circuit Court. At the conclusion of the evidence the trial judge directed a verdict in favor of Wallace and entered a judgment dismissing the complaint as to him. The claim against the Railroad was submitted to the jury, which failed to agree and was discharged.

Promptly thereafter the Railroad filed a petition for removal of the case to this Court on the basis of 28 U.S.C.A. § 1446 (b) taking the position that the case became removable when Wallace went out of the case and when the jury failed to agree as to the liability of the corporate

defendant. Plaintiff has moved to remand.

■■ It is established that a case not removable originally due to the presence of a resident defendant may become removable if the party whose presence defeated removability goes out of the case as a result of a voluntary discontinuance of the case as to him by the plaintiff. However, it seems to be equally well settled that an involuntary discontinuance as to a resident defendant, as by order of Court or directed verdict, does not make the case against the remaining nonresident defendant removable. Great Northern R. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; American Car & Foundry Co. v. Kettlehake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594; Lathrop, Shea & Henwood Co. v. Interior Construction & Imp. Co., 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177; Kansas City Suburban Belt Ry. Co. v. Herman, 187 U.S. 63, 23 S.Ct. 24, 47 L.Ed. 76; see also Judge Miller's detailed discussion of the problem in Stone v. Foster, W.D.Ark., 163 F.Supp. 298, in which the ruling cases are collected and analyzed.

The Supreme Court cases cited above were decided prior to the 1948 revision of the Judicial Code which for the first time spelled out in the removal statute a defendant's right to remove an originally nonremovable case should the case become removable at a later stage of the proceedings. In the recent case of Weems v. Lewis Dreyfus Corp., 5 Cir., 380 F.2d 545, it was held that the 1948 revision of the Code did not change existing law; that was also the view taken in Stone v. Foster, Supra, which is cited in Weems.

A contrary result was reached in Lyon v. Illinois Central Ry. Co., S.D. Miss., 228 F.Supp. 810. In that case plaintiff sued the railroad and a resident defendant. The case was tried to a jury, and there was a directed verdict in favor of the resident defendant. Later, the railroad removed, and it was held that the case was removable under section 1446(b). The same situation was presented in *Weems*, supra, and the same result was reached at the District Court level by the same District Judge. There was an appeal from his ruling, and the decision was reversed. In the course of its opinion the Court of Appeals expressly disapproved the result reached in the Lyon case, supra.

■ In this case the defendant Wallace did not go out of the case as a result of any voluntary act on the part of the plaintiff; he went out as a result of a judgment of the Circuit Court. The fact that the jury disagreed as to the Railroad appears to this Court to be entirely immaterial.

It is accordingly ordered that this cause be, and it hereby is, remanded to the Circuit Court of Pulaski County, Arkansas, for further proceedings according to law.